**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---

| | |
|---|---|
| JAMES R. CHENEY, JR., on behalf of himself and all others similarly situated, | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| v. | **Civil Action No.** |
| TEK-COLLECT INCORPORATED and JOHN G. NEAL, | |
| Defendants. | |

---

**CLASS ACTION COMPLAINT**

## I.   INTRODUCTION

1.     This action is brought by Plaintiff James R. Cheney, Jr., on behalf of himself and all others similarly situated, for statutory damages against Defendants Tek-Collect Incorprated and John G. Neal for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.   JURISDICTION

2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue is proper in this district as all relevant events took place here.

## III.   PARTIES

3.     Plaintiff James R. Cheney, Jr. is an individual who resides in Joliet, Illinois.

4.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5.  Defendant Tek-Collect Incorporated ("TCI") is a corporation organized under the laws of the State of Ohio, located in Columbus, Ohio.

6.  TCI is licensed by the State of Illinois as a collection agency, License Number 017020604.

7.  TCI is engaged in the collection of debts from Illinois consumers using the mail and telephone.

8.  TCI regularly attempts to collect consumer debts alleged to be due to another.

9.  TCI was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

10. Defendant John G. Neal ("Neal") is an attorney licensed to practice in the State of Ohio.

11. Neal maintains a law office located at 30 Northwoods Boulevard, Suite 100B, Columbus, Ohio.

12. Neal is engaged in the collection of debts from Illinois consumers using the mail and telephone.

13. Neal regularly attempts to collect consumer debts alleged to be due to another.

14. Neal was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

15. On or about August 26, 2008, Mr. Cheney sought medical treatment and/or services from Optech Orthotics & Prosthetics ("Optech").

16. Due to the medical treatment and/or services provided by Optech, Mr. Cheney

incurred an alleged debt to Optech in the amount of $1,055.96 (hereinafter referred to as "the

Debt.").

17.     The Debt was incurred for personal, family, or household purposes, *i.e.*, for

medical treatment and/or services.

18.     Mr. Cheney did not pay the Debt because it was covered by his employer's

workers' compensation insurance.

19.     The agreement that created the Debt did not expressly authorize a $12.00

collection fee in addition to the principal amount of the Debt.

20.     Optech uses a form agreement that is signed by all patients, including the class

members.

21.     There is no law that permits a $12.00 collection fee in addition to the principal

amount of the Debt.

**Defendant Tek-Collect Incorporated**

22.     TCI obtained the Debt after it entered default.

23.     On at least two occasions TCI sent Mr. Cheney a letter attempting to collect the

Debt.

24.     TCI sent Mr. Cheney letters dated January 14 and 29, 2009, that each stated:

|   |   |
|---|---|
| Amount Due: | $1,055.96 |
| Collection Fee: | $    12.00 |
| Balance Due: | $1,067.96 |

25.     TCI's January 14, 2009, letter to Mr. Cheney describes the above breakdown of

charges as a "lawful obligation."

26.     TCI attempted to collect from Mr. Cheney a collection fee in addition to the

principal amount of the Debt.

27.     TCI referred the Debt to Neal.

**Defendant John G. Neal**

28.     Neal obtained the Debt after it entered default.

29.     Optech did not communicate with Neal regarding the Debt.

30.     Optech did not request Neal to write Mr. Cheney regarding the Debt.

31.     By correspondence dated March 10, 2009, Neal arranged for the preparation and transmittal of a letter to Mr. Cheney at his residence in an attempt to collect the Debt. Neal's March 10, 2009, letter to Mr. Cheney is attached hereto as Exhibit A (the reverse side of Neal's letter is page two of Exhibit A).

32.     Exhibit A was the initial written communication from Neal to Mr. Cheney regarding the Debt.

33.     Neal sent no correspondence to Mr. Cheney within five days of sending Exhibit A.

34.     Below the letterhead, date, and address of Mr. Cheney, the front side (page 1) of Exhibit A contains:

> Re:     Optech Orthotics & Prosthetics, $1,067.96
>         Demand for payment: 1786642
>
> Dear JAMES CHENEY JR:
>
> Optech Orthotics & Prosthetics has requested that I write you regarding a debt in the amount of $1,067.96, which is now past due. Optech Orthotics & Prosthetics regrets the necessity of this action, but your failure to satisfy the debt leaves little option.
>
> Accordingly, demand is hereby made for immediate steps to pay

the account balance in full. Should you fail to satisfy this demand, Optech Orthotics & Prosthetics will then consider the possibility of referring this matter to a local attorney for the initiation of legal action.

If judgment is taken against you, then you will be subjecting yourself to all available executions and seizures provided by the laws of your state.

Your immediate cooperation may preclude unnecessary and further costs to you.

Very truly yours,

[signature of John G. Neal]

John G. Neal
Attorney at Law

**THIS LAW FIRM IS ATTEMPTING TO COLLECT THIS DEBT FOR OUR CLIENTS AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

(emphasis in original).

35.     The reverse side (page 2) of Exhibit A contains:

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE THAT THIS DEBT, OR ANY PORTION THEREOF, IS DISPUTED, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

36.     Exhibit A fails to state that the consumer must dispute the debt in writing in order

to require Defendant to provide verification of the Debt.

37.     The front side (page 1) of Exhibit A contains no reference at all to the notice on the reverse side (page 2).

38.     The $1,067.96 listed in Exhibit A is the aggregate of the $1,055.96 principal amount and a $12.00 collection fee.

39.     Exhibit A does not disclose that Neal is attempting to collect a collection fee.

40.     Exhibit A does not specify the amount of the collection fee that Neal is attempting to collect.

41.     Neal attempted to collect from Mr. Cheney a collection fee in addition to the principal amount of the Debt.

## V.     DEFENDANTS' POLICIES AND PRACTICES

42.     It is the standard policy and practice of Defendants TCI and Neal to use false, deceptive, or misleading representations or means in connection with the collection of any debt..

43.     It is the standard policy and practice of Defendants TCI and Neal to falsely represent the character, amount, or legal status of any debt.

44.     It is the standard policy and practice of Defendants TCI and Neal to use unfair or unconscionable means to collect or attempt to collect any debt.

45.     It is the standard policy and practice of Defendants TCI and Neal to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt nor permitted by law.

46.     It is the standard policy and practice of Defendant Neal to state falsely the amount of the alleged debt in the initial communication.

47.     It is the standard policy and practice of Defendant Neal to fail to inform

consumers that their request for verification of the alleged debt must be "in writing."

48.     It is the standard policy and practice of Defendant Neal to overshadow and/or

contradict, or otherwise fail to adequately communicate, the validation notice required by 15

U.S.C. § 1692g(a).

## VI.     CLASS ALLEGATIONS

49.     This action is brought as two class actions.

50.     Plaintiff defines the TCI Class as (i) all persons within the state of Illinois (ii)

from whom Defendant Tek-Collect Incorporated attempted to collect a collection fee (iii) in

addition to a principal amount of a debt to Optech Orthotics & Prosthetics (v) incurred for

personal, family, or household purposes (vi) during the period of time one-year prior to the filing

of this Complaint through the date of class certification.

51.     Plaintiff defined the Neal Class as (i) all persons within the state of Illinois (ii) to

whom Defendant John G. Neal sent a letter in the form of Exhibit A (iii) in an attempt to collect

a debt to Optech Orthotics & Prosthetics (v) incurred for personal, family, or household purposes

(vi) which were not returned undeliverable by the United States Postal Service (vii) during the

period of time one-year prior to the filing of this Complaint through the date of class

certification.

52.     The classes are so numerous that joinder of all members is impractical.

53.     Upon information and belief, Defendant Tek-Collect Incorporated attempted to

collect a collection fee in addition to the principal amount of a debt to Optech Orthotics &

Prosthetics from more than 50 persons within the state of Illinois during the period of time one-

year prior to the filing of this Complaint through the date of class certification.

54.     Upon information and belief, more than 50 persons within the state of Illinois were sent a letter by Defendant John G. Neal in the form of Exhibit A in an attempt to collect a debt to Optech Orthotics & Prosthetics incurred for personal, family, or household purposes during the period of time one-year prior to the filing of this Complaint.

55.     There are questions of law and fact common to the classes, which predominate over any questions affecting only individual class members.  The principal issue is whether both Defendants violated the FDCPA by:

A.     using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

B.     falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

C.     using unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

D.     collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt nor permitted by law in violation of 15 U.S.C. § 1692f(1);

and whether Defendant Neal violated the FDCPA by:

E.     stating falsely the amount of the debt in the initial communication in violation of 15 U.S.C. § 1692g(a)(1);

F.     failing to inform consumers that their request for verification of the alleged debt must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4);

and

G.     overshadowing and/or contradicting, or otherwise failing to adequately communicate, the validation notice required by 15 U.S.C. § 1692g(a) in

violation thereof.

56.     There are no individual questions, other than whether other than whether:

    A.     Defendants attempted to collect a collection fee from each Class member;

        and

    B.     each class member was sent a letter in the form of Exhibit A, which can be determined by ministerial inspection of Defendant Neal's records.

57.     Plaintiff will fairly and adequately protect the interests of the classes.

58.     Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

59.     The questions of law and fact common to the classes predominate over any issues involving only individual class members.  The principal issue is whether Defendants' attempts to collect a collection fee, and Defendant Neal's collection letter in the form of Exhibit A, violate the FDCPA, 15 U.S.C. § 1692 *et seq*.

60.     Plaintiff's claims are typical of the claims of the classes, which arise from the same operative facts and are based on the same legal theories.

61.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with Federal law.  The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00.  Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

## VII.  COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

62.     Plaintiff repeats, realleges, and incorporates by reference the foregoing

paragraphs.

63.     Defendant TCI's violations of the FDCPA include, but are not limited to:

A.      using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

B.      falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

C.      using unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; and

D.      collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt nor permitted by law in violation of 15 U.S.C. § 1692f(1).

64.     Defendant Neal's violations of the FDCPA include, but are not limited to:

A.      using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

B.      falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

C.      using unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; and

D.      collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt nor permitted by law in violation of 15 U.S.C. § 1692f(1).

E.      stating falsely the amount of the debt in the initial communication in violation of 15 U.S.C. § 1692g(a)(1);

F.      failing to inform consumers that their request for verification of the

alleged debt must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4); and

G.    overshadowing and/or contradicting, or otherwise failing to adequately communicate, the validation notice required by 15 U.S.C. § 1692g(a) in violation thereof.

65.    As a result of Defendant's violations of the FDCPA, Plaintiff and the class members are entitled to a declaratory judgment and an award of actual damages, statutory damages, costs and reasonable attorney fees.

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff James R. Cheney, Jr. requests that judgment be entered in his

favor and in favor of the classes against Defendants Tek-Collect Incorporated and John G. Neal

for:

A.    Certification of this matter as a class action;

B.    Declaratory judgment that Defendants' practices violates the FDCPA;

C.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

E.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

and

F.    For such other relief as the Court may find to be just and proper.


 s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822; (312) 372-1673  (Facsimile)

ATTORNEYS FOR PLAINTIFF

# EXHIBIT A

John G. Neal
Attorney at Law
30 Northwoods Blvd., Ste. 100B
Columbus, OH 43235
PHONE: 614-880-9124

03/10/2009

**PERSONAL AND CONFIDENTIAL 1786642**
JAMES CHENEY JR      134

JOLIET IL 60433-1362

Re:   Optech Orthotics & Prosthetics, $1,067.96
      Demand for payment: 1786642

Dear JAMES CHENEY JR:

Optech Orthotics & Prosthetics has requested that I write you regarding a debt in the amount of $1,067.96, which is now past due. Optech Orthotics & Prosthetics regrets the necessity of this action, but your failure to satisfy the debt leaves little option.

Accordingly, demand is hereby made for immediate steps to pay the account balance in full. Should you fail to satisfy this demand, Optech Orthotics & Prosthetics will then consider the possibility of referring this matter to a local attorney for the initiation of legal action.

If judgment is taken against you, then you will be subjecting yourself to all available executions and seizures provided by the laws of your state.

Your immediate cooperation may preclude unnecessary and further costs to you.

Very truly yours,

John G. Neal
Attorney at Law

**THIS LAW FIRM IS ATTEMPTING TO COLLECT THIS DEBT FOR OUR CLIENTS AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

1                                                                                              134

THIS LAW FIRM IS ATTEMPTING TO COLLECT THIS DEBT FOR OUR CLIENTS AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE THAT THIS DEBT, OR ANY PORTION THEREOF, IS DISPUTED, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.